TAYLOR, Judge.
Appellant Kent Irby pleaded guilty to two charges of attempted unlawful breaking and entering of a motor vehicle in violation of § 13A-8-ll(b), Code of Alabama 1975. He was sentenced to twelve months in jail. The sentence was suspended and he was placed on two years’ probation on September 30, 1982. In May 1983, the appellant was the driver of a car which struck a girl, killing her. She was knocked 20 feet in the air, run over and dragged 60 feet by appellant’s vehicle. The appellant was charged with a violation of § 32-5A-192, Code of Alabama 1975, homicide by vehicle. Responding to the motion to revoke probation, counsel for appellant filed a motion to compel the production of documents from the University of South Alabama Medical Center regarding the death of the victim of the alleged vehicular homicide. This motion was twice denied by the court. After his probation was revoked, the appellant raised two issues on appeal: Whether the court erred to reversal in denying his motion and whether the due process guarantees of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), were violated.
I
The requested material was never introduced by the state as evidence in the revocation hearing. The motion of counsel for the appellant amounts to nothing more than an attempt to obtain discovery. We have held in Deloach v. State, 356 So.2d 222 (Ala.Crim.App.1977), cert. denied, Ex parte Deloach, 356 So.2d 230 (Ala.1978), that there is no constitutional right to discovery in a criminal case. The defendant in a probation revocation proceeding does not have rights greater than those of a defendant in a criminal prosecution. This motion was properly denied.
II
Appellant contends that the court erred in that there was no testimony by the probation officer as to what conditions of probation were imposed on the appellant and as to what conditions were alleged to have been violated. The appellant was in jail, charged with the new offense of vehicular homicide, when the probation revocation papers were served on him. He was aware that commission of another felony violated a condition of probation. The court record states:
“This day in open court came the State of Alabama by its Assistant District Attorney, Jim Kimbrough, and the defendant in his own proper person, and with his Attorney Paul Brown and state’s mo *273 tion filed on the 10th day of May, 1983, to set aside the order suspending execution of the sentence in this case, coming on to be heard and the Court after hearing the evidence orders and adjudges that State’s said motion to set aside the order suspending execution of the sentence in this case be and the same is hereby granted as follows:
1. Driving under the influence of alcohol at a high rate of speed.
2. Causing car to run off road and caused the death of a child.
It is further ordered and adjudged by the Court that the sentence of one year in the Mobile County Jail suspended for two years on Probation, imposed upon the defendant on the 30th day of September, 1982 be and same is hereby ordered to commence as of the 18th day of October, 1983. (To be given credit for 2 days served in jail from 8/31/83 thru 9/1/83) Court costs imposed on 9/30/82 Remitted.
Witness my hand this 18th day of October, 1983.
/S/ JAMES D. SULLIVAN
Judge of the District Court of Alabama of Mobile County.”
It is not the fact that appellant was charged with committing the felony of vehicular homicide, but rather the commission of the felony itself for which his probation was revoked. We disbelieve that he was ignorant of his violation of a condition of probation.
The judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.